UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   CASE NUMBER: 07CV7060
ALICE LAZARUS HABER,

                        Plaintiffs,

        -against-

NATIONAL RAILROAD PASSENGER CORPORATION d/b/a
AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY,
LONG ISLAND RAILROAD COMPANY and ABM INDUSTRIES,
INC.,

                        Defendants.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

**PLAINTIFF REQUESTS A TRIAL BY JURY**

      Plaintiff, by her attorneys, LEAV & STEINBERG, LLP, as and for a Verified Complaint, respectfully alleges, upon information and belief, as follows:

1. That this action was brought pursuant to the provisions of 28 U.S.C. §1332.

2. That at all times hereinafter mentioned, Defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. That at all times hereinafter mentioned, Defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK was and still is a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, Defendant NATIONAL RAILROAD PASSENGER CORPORATION is also known as "AMTRAK."

5. That at all times hereinafter mentioned, on the 27th day of December, 2006, Plaintiff's Notice of Claim and Intention to Sue was duly served on Defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK setting forth the time when and place where the accident which is the subject of this lawsuit, the nature and

extent of the injuries and damages sustained.

6. That at all times hereinafter mentioned, Defendant METROPOLITAN TRANSPORTATION AUTHORITY (hereinafter referred to as "MTA") was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. That at all times hereinafter mentioned, Defendant "MTA" was and still is a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times hereinafter mentioned, on the 27th day of December, 2006, Plaintiff's Notice of Claim and Intention to Sue was duly served on Defendant "MTA," setting forth the time when and place where the accident which is the subject of this lawsuit, the nature and extent of the injuries and damages sustained pursuant to GML §50-(e).

9. That more than thirty (30) days have elapsed since such presentation of said claim. That since the demand or claim upon which this action is predicated was presented to the Defendant "MTA" for adjustment, they have neglected and/or refused to make adjustment or payment thereof. That this section is commenced within one year and ninety days after the cause of action accrued.

10. That Defendant "MTA" never requested an oral hearing pursuant to Section 50-h of the General Municipal Law.

11. That at all times hereinafter mentioned, Defendant LONG ISLAND RAILROAD COMPANY (hereinafter referred to as "LIRR") was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. That at all times hereinafter mentioned, Defendant "LIRR" was and still is a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. That at all times hereinafter mentioned, Defendant "LIRR" was and still is a subsidiary corporation of Defendant "MTA."

14. That at all times hereinafter mentioned, on the 27th day of December, 2006, Plaintiff's Notice of Claim and Intention to Sue was duly served on Defendant "LIRR," setting forth the time when and place where the accident which is the subject of this lawsuit, the nature and extend of the injuries and damages sustained.

15. That more than thirty (30) days have elapsed since such presentation of said claim. That since the demand or claim upon which this action is predicated was presented to the Defendant "LIRR" for adjustment, they have neglected and/or refused to make adjustment or payment thereof. That this section is commenced within one year and ninety days after the cause of action accrued.

16. That Defendant "LIRR" never requested an oral hearing pursuant to Section 50-(e) of the General Municipal Law.

17. That at all times hereinafter mentioned, Defendant ABM INDUSTRIES, INC. was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

18. That at all times hereinafter mentioned, Defendant ABM INDUSTRIES, INC. transacted business within the State of New York.

19. That at all times hereinafter mentioned, Defendant NATIONAL RAILROAD PASSENGER COMPANY d/b/a/ AMTRAK was the owner of the platform known as "Track No. 12 M-1" of the Amtrak line westbound within Pennsylvania Station, County, City and State of New York.

20. That at all times hereinafter mentioned, Defendant NATIONAL RAILROAD PASSENGER COMPANY d/b/a AMTRAK, its agents, servants and/or employees, was the lessor of the aforesaid premises.

21. That at all times hereinafter mentioned, Defendant NATIONAL RAILROAD PASSENGER COMPANY d/b/a AMTRAK, its agents, servants and/or employees, was the lessee of the aforesaid premises.

22. That at all times hereinafter mentioned, Defendant NATIONAL RAILROAD PASSENGER COMPANY d/b/a AMTRAK, its agents, servants and/or employees, operated the aforesaid premises.

23. That at all times hereinafter mentioned, Defendant NATIONAL RAILROAD PASSENGER COMPANY d/b/a AMTRAK, its agents, servants and/or employees, managed the aforesaid premises.

24. That at all times hereinafter mentioned, Defendant NATIONAL RAILROAD PASSENGER COMPANY d/b/a AMTRAK, its agents, servants and/or employees, maintained the aforesaid premises.

25. That at all times hereinafter mentioned, Defendant NATIONAL RAILROAD PASSENGER COMPANY d/b/a AMTRAK, its agents, servants and/or employees, controlled the aforesaid premises.

26. That all times hereinafter mentioned, Defendant NATIONAL RAILROAD PASSENGER COMPANY d/b/a AMTRAK, its servants, agents and/or employees, supervised the aforesaid premises.

27. That at all times hereinafter mentioned, Defendant NATIONAL RAILROAD PASSENGER COMPANY d/b/a AMTRAK, its agents, servants, and/or employees, inspected the aforesaid premises.

28. That at all times hereinafter mentioned, Defendant NATIONAL RAILROAD PASSENGER COMPANY d/b/a AMTRAK, its servants, agents and/or employees, repaired the aforesaid premises.

29. That at all times hereinafter mentioned, Defendant NATIONAL RAILROAD

PASSENGER COMPANY d/b/a AMTRAK, its servants, agents and/or employees, constructed the aforesaid premises.

30. That at all times hereinafter mentioned, Defendant "NATIONAL RAILROAD PASSENGER COMPANY d/b/a AMTRAK, its servants, agents and/or employees, designed the aforesaid premises.

31. That at all times hereinafter mentioned, it was the duty of Defendant "NATIONAL RAILROAD PASSENGER COMPANY d/b/a AMTRAK, its servants, agents and/or employees, to maintain the aforesaid premises in a reasonably safe and suitable condition and in good repair.

32. That at all times hereinafter mentioned, Defendant "MTA" was the owner of the platform known as "Track No. 12 M-1" of the Amtrak line westbound within Pennsylvania Station, County, City and State of New York.

33. That at all times hereinafter mentioned, Defendant "MTA," its agents, servants and/or employees, was the lessor of the aforesaid premises.

34. That at all times hereinafter mentioned, Defendant "MTA," its agents, servants and/or employees, was the lessee of the aforesaid premises.

35. That at all times hereinafter mentioned, Defendant "MTA," its agents, servants and/or employees, operated the aforesaid premises.

36. That at all times hereinafter mentioned, Defendant "MTA," its agents, servants and/or employees, managed the aforesaid premises.

37. That at all times hereinafter mentioned, Defendant "MTA," its agents, servants and/or employees, maintained the aforesaid premises.

38. That at all times hereinafter mentioned, Defendant "MTA," its agents, servants and/or employees, controlled the aforesaid premises.

39. That all times hereinafter mentioned, Defendant "MTA," its servants, agents and/or

employees, supervised the aforesaid premises.

40. That at all times hereinafter mentioned, Defendant "MTA," its agents, servants, and/or employees, inspected the aforesaid premises.

41. That at all times hereinafter mentioned, Defendant "MTA," its servants, agents and/or employees, repaired the aforesaid premises.

42. That at all times hereinafter mentioned, Defendant "MTA," its servants, agents and/or employees, constructed the aforesaid premises.

43. That at all times hereinafter mentioned, Defendant "MTA," its servants, agents and/or employees, designed the aforesaid premises.

44. That at all times hereinafter mentioned, it was the duty of Defendant "MTA," its servants, agents and/or employees, to maintain the aforesaid premises in a reasonably safe and suitable condition and in good repair.

45. That at all times hereinafter mentioned, Defendant "LIRR" was the owner of the platform known as Track No. 12 of the Amtrak line westbound within Pennsylvania Station, County, City and State of New York.

46. That at all times hereinafter mentioned, Defendant "LIRR," its agents, servants and/or employees, was the lessor of the aforesaid premises.

47. That at all times hereinafter mentioned, Defendant "LIRR," its agents, servants and/or employees, was the lessee of the aforesaid premises.

48. That at all times hereinafter mentioned, Defendant "LIRR," its agents, servants and/or employees, operated the aforesaid premises.

49. That at all times hereinafter mentioned, Defendant "LIRR," its agents, servants and/or employees, managed the aforesaid premises.

50. That at all times hereinafter mentioned, Defendant "LIRR," its agents, servants and/or employees, maintained the aforesaid premises.

51. That at all times hereinafter mentioned, Defendant "LIRR," its agents, servants and/or employees, controlled the aforesaid premises.

52. That all times hereinafter mentioned, Defendant "LIRR," its servants, agents and/or employees supervised the aforesaid premises.

53. That at all times hereinafter mentioned, Defendant "LIRR," its agents, servants, and/or employees, inspected the aforesaid premises.

54. That at all times hereinafter mentioned, Defendant "LIRR," its servants, agents and/or employees, repaired the aforesaid premises.

55. That at all times hereinafter mentioned, Defendant "LIRR," its servants, agents and/or employees, constructed the aforesaid premises.

56. That at all times hereinafter mentioned, Defendant "LIRR," its servants, agents and/or employees, designed the aforesaid premises.

57. That at all times hereinafter mentioned, it was the duty of Defendant "LIRR," its servants, agents and/or employees to maintain the aforesaid premises in a reasonably safe and suitable condition and in good repair.

58. That at all times hereinafter mentioned, and prior to October 16, 2006, Defendant NATIONAL RAILROAD PASSENGER COMPANY d/b/a AMTRAK entered into an agreement and/or contract with Defendant ABM INDUSTRIES, INC. by which the latter was to perform certain maintenance work, repair work, construction, re-construction and/or other work, labor and services to the former with respect to certain construction work, maintenance, labor and services as to the aforesaid location.

59. That at all times hereinafter mentioned, and prior to October 16, 2006, Defendant "MTA" entered into an agreement and/or contract with Defendant ABM INDUSTRIES, INC. by which the latter was to perform certain maintenance work, repair work, construction, re-construction and/or other work, labor and services to the former with respect to certain

construction work, maintenance, labor and services as to the aforesaid location.

60. That at all times hereinafter mentioned, and prior to October 16, 2006, Defendant "LIRR" entered into an agreement and/or contract with Defendant ABM INDUSTRIES, INC. by which the latter was to perform certain maintenance work, repair work, construction, re-construction and/or other work, labor and services to the former with respect to certain construction work, maintenance, labor and services as to the aforesaid location.

61. That at all times hereinafter mentioned, on October 16, 2006, Plaintiff ALICE LAZARUS HABER was lawfully upon the defendants' premises, and more particularly, on the platform known as "Track No. 12 M-1" of the Amtrak line (westbound) within Pennsylvania Station, County, City and State of New York.

62. That at all times hereinafter mentioned, on October 16, 2006, Plaintiff ALICE LAZARUS HABER was caused to trip and fall while lawfully walking upon the aforesaid platform, solely as a result of the defendants' negligence, carelessness and recklessness.

63. Solely as a result of the defendants' negligence, carelessness and recklessness, Plaintiff ALICE LAZARUS HABER was caused to suffer severe and serious personal injuries to her body, and further, she was subjected to great physical pain and mental anguish.

64. That the aforesaid occurrence and resulting injuries sustained by the Plaintiff were caused solely and wholly by reason of the negligence of the defendants, their agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

65. That the defendants, their agents, servants and/or employees were negligent in the ownership, operation, management, maintenance, care and control of the aforementioned premises in causing, permitting and allowing the aforesaid platform to be, become and remain in a broken, loose, dilapidated, defective, jagged, deep, crumpled, dangerous, and

in a trap-like condition; in causing, permitting and allowing the aforesaid platform to contain a cut-out hole, cracks, crevices, depressions, and raised and uneven portions; in failing to make necessary and proper repairs to the dangerous condition aforementioned; in making improper, unsafe and inadequate repairs to the aforementioned dangerous condition; in failing to properly, adequately and timely inspect the aforementioned area; in creating and/or suffering, allowing and permitting a nuisance to be, remain and exist in the aforementioned area; in causing and/or suffering, allowing and permitting a trap to be, remain and exist in the aforementioned area; in failing to give any, and/or any adequate signal, sign, warning or other notice of aforementioned dangerous condition; in failing to place barricades and other warning devices at the place aforesaid to prevent Plaintiff and others from traversing thereat; in failing and neglecting to properly and adequately resurface and/or repair the aforesaid platform in a prudent, reasonable, effective, and otherwise safe manner; in failing and neglecting to employ the proper and required materials and techniques for the resurfacing and/or repair of the aforesaid platform; in failing and neglecting to follow the statutes, ordinances, standards, rules and regulations conforming to the standard of the State of New York; in causing, creating and allowing a trap to exist; in causing, creating and allowing a nuisance to exist; in failing and neglecting to warn or apprise the public and all lawful users thereof, particularly the Plaintiff herein, of the dangerous and defective conditions then and there existing in and upon the aforesaid premises; in failing and neglecting to reroute lawful passengers/users of the aforesaid platform to safe area; in violating their duties to patrons, and more specifically, the plaintiff ALICE LAZARUS HABER; and in causing and/or permitting the aforementioned conditions to exist for a considerable length of time prior to the accident, and the defendants, their agents, servants and/or employees knew or should have known that such hazardous and dangerous conditions would cause persons to trip

and fall, and more particularly, the plaintiff; in failing to correct or remedy such conditions, all of which the defendant had actual and constructive notice, all of which the defendant had actual written or other notice or should have had by reasonable inspection, notice and/or knowledge thereof; all of which the defendant had actual written or other notice in compliance with statutory requirements at least fifteen days prior to the accident occurrence; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendants were guilty of negligence under and by virtue of the Doctrine of *Res Ipsa Loquitur*; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances. Defendants violated the applicable rules, laws, regulations, and statutes in such cases made and provided and of which the Court will take judicial notice at the trial hereof.

66. By reason of the foregoing, Plaintiff ALICE LAZARUS HABER was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and she will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and she will be unable to pursue her usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

67. That solely by reason of the aforesaid, Plaintiff was obliged to undergo medical care and treatment and will be obliged to undergo further care an treatment for sometime to come.

68. That at all times hereinafter mentioned, this action falls within one or more of the exceptions set forth in *CPLR §1602*.

69. As a result of the defendants' negligence, Plaintiff is entitled to damages in a sum which exceeds the jurisdictional requirements of this Court.

**WHEREFORE**, Plaintiff demands judgment awarding damages in such an amount as a jury may find; together with the interest, costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       July 24, 2007

**By: Daniel T. Leav (5145)**
LEAV & STEINBERG, LLP
*Attorneys for Plaintiff*
120 Broadway, 18th Floor
New York, New York 10271
(212) 766-5222
File No.: 051808

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ALICE LAZARUS HABER,

CASE NUMBER: 07CV7060

                      Plaintiffs,

      -against-

**ATTORNEY'S VERIFICATION**

NATIONAL RAILROAD PASSENGER CORPORATION d/b/a
AMTRAK, METROPOLITAN TRANSPORTATION
AUTHORITY, LONG ISLAND RAILROAD COMPANY and
ABM INDUSTRIES, INC.,

                      Defendants.
----------------------------------------------------------------X

    Daniel T. Leav, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

    I am a member of the firm of LEAV & STEINBERG, L.L.P., the attorneys of record for the plaintiff herein, and

    As such I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

    This verification is made by affirmant and not by the plaintiff because she does not reside nor is she domiciled in the County of New York, the county wherein which your affirmant maintains offices.

    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
       July 24, 2007

                                                Daniel T. Leav, Esq. (5145)

CASE NUMBER: 07CV7060

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================================================

ALICA HABER,

              Plaintiff,

-against-

NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,
METROPOLITAN TRANSPORTATION AUTHORITY,
LONG ISLAND RAILROAD COMPANY and
ABM INDUSTRIES, INC.,

              Defendants.
================================================================

**SUMMONS AND VERIFIED COMPLAINT**
================================================================

**LEAV & STEINBERG, L.L.P.**
Attorneys for Plaintiff
120 Broadway, 18th Floor
New York, New York 10271
(212) 766-5222