UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALICE LAZARUS HABER,                             Case No.: 07 CV 7060

          Plaintiff,                                              **ANSWER TO VERIFIED COMPLAINT**

  - against -

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK, METROPOLITAN
TRANSPORTATION AUTHORITY, LONG ISLAND
RAILROAD COMPANY and ABM INDUSTRIES
INC.,

          Defendants.
------------------------------------------------------------------X

      Defendants National Railroad Passenger Corporation, a/k/a Amtrak ("Amtrak"), Metropolitan Transportation Authority ("MTA") and Long Island Railroad Company (" LIRR") (collectively referred to herein as "the railroads"), by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Verified Complaint herein as follows:

      1.    Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "ONE" of the Verified Complaint.

      2.    Defendants railroads deny the truth of each and every allegation contained in paragraph "TWO" of the Verified Complaint.

      3.    Defendants railroads deny the truth of each and every allegation contained in paragraph "THREE" of the Verified Complaint.

      4.    Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FOUR" of the Verified Complaint except admit that defendant NATIONAL RAILROAD PASSENGER CORPORATION'S trade name is

"AMTRAK."

5. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIVE" of the Verified Complaint.

6. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "SIX" of the Verified Complaint except admit that defendant METROPOLITAN TRANSPORTATION AUTHORITY is a public authority.

7. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "SEVEN" of the Verified Complaint except admit that defendant METROPOLITAN TRANSPORTATION AUTHORITY is a public authority.

8. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "EIGH" of the Verified Complaint.

9. Defendants railroads deny the truth of each and every allegation contained in paragraph "NINE" of the Verified Complaint.

10. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TEN" of the Verified Complaint.

11. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "ELEVEN" of the Verified Complaint except admit that defendant LIRR is a public benefit corporation.

12. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWELVE" of the Verified Complaint except admit that defendant LIRR is a public benefit corporation.

13. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTEEN" of the Verified Complaint except admit that defendant LIRR is a subsidiary of Defendant "MTA."

14. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FOURTEEN" of the Verified Complaint

15. Defendants railroads deny the truth of each and every allegation contained in paragraph "FIFTEEN" of the Verified Complaint.

16. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "SIXTEEN" of the Verified Complaint.

17. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "SEVENTEEN" of the Verified Complaint.

18. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "EIGHTEEN" of the Verified Complaint.

19. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "NINETEEN" of the Verified Complaint.

20. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY" of the Verified Complaint.

21. Defendants railroads deny the truth of each and every allegation contained in paragraph "TWENTY-ONE" of the Verified Complaint.

22. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-TWO" of the Verified Complaint.

23. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-THREE" of the Verified Complaint.

24. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-FOUR" of the Verified Complaint.

25. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-FIVE" of the Verified Complaint.

26. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-SIX" of the Verified Complaint.

27. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-SEVEN" of the Verified Complaint.

28. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-EIGHT" of the Verified Complaint.

29. Defendants railroads deny the truth of each and every allegation contained in paragraph "TWENTY-NINE" of the Verified Complaint.

30. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTY" of the Verified Complaint.

31. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTY-ONE" of the Verified Complaint and refer all matters of law to the Court.

32. Defendants railroads deny the truth of each and every allegation contained in paragraph "THIRTY-TWO" of the Verified Complaint.

33. Defendants railroads deny the truth of each and every allegation contained in paragraph "THIRTY-THREE" of the Verified Complaint.

34. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTY-FOUR" of the Verified Complaint.

35. Defendants railroads deny the truth of each and every allegation contained in paragraph "THIRTY-FIVE" of the Verified Complaint.

36. Defendants railroads deny the truth of each and every allegation contained in paragraph "THIRTY-SIX" of the Verified Complaint.

37. Defendants railroads deny the truth of each and every allegation contained in paragraph "THIRTY-SEVEN" of the Verified Complaint.

38. Defendants railroads deny the truth of each and every allegation contained in paragraph "THIRTY-EIGHT" of the Verified Complaint.

39. Defendants railroads deny the truth of each and every allegation contained in paragraph "THIRTY-NINE" of the Verified Complaint.

40. Defendants railroads deny the truth of each and every allegation contained in paragraph "FORTY" of the Verified Complaint.

41. Defendants railroads deny the truth of each and every allegation contained in paragraph "FORTY-ONE" of the Verified Complaint.

42. Defendants railroads deny the truth of each and every allegation contained in paragraph "FORTY-TWO" of the Verified Complaint.

43. Defendants railroads deny the truth of each and every allegation contained in paragraph "FORTY-THREE" of the Verified Complaint.

44. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FORTY-FOUR" of the Verified Complaint and refer all matters of law to the Court.

45. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FORTY-FIVE" of the Verified Complaint.

46. Defendants railroads deny the truth of each and every allegation contained in paragraph "FORTY-SIX" of the Verified Complaint.

47. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FORTY-SEVEN" of the Verified Complaint.

48. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FORTY-EIGHT" of the Verified Complaint.

49. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FORTY-NINE" of the Verified Complaint.

50. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIFTY" of the Verified Complaint.

51. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIFTY-ONE" of the Verified Complaint.

52. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIFTY-TWO" of the Verified Complaint.

53. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIFTY-THREE" of the Verified Complaint.

54. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIFTY-FOUR" of the Verified Complaint.

55. Defendants railroads deny the truth of each and every allegation contained in paragraph "FIFTY-FIVE" of the Verified Complaint.

56. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIFTY-SIX" of the Verified Complaint.

57. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIFTY-SEVEN" of the Verified Complaint and refer all matters of law to the Court.

58. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIFTY-EIGHT" of the Verified Complaint.

59. Defendants railroads deny the truth of each and every allegation contained in paragraph "FIFTY-NINE" of the Verified Complaint.

60. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "SIXTY" of the Verified Complaint.

61. Defendants railroads deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "SIXTY-ONE" of the Verified Complaint and refer all maters of law to the Court.

62. Defendants railroads deny the truth of each and every allegation contained in paragraph "SIXTY-TWO" of the Verified Complaint as to the railroads and deny knowledge or information sufficient to form a belief as to the truth of the other allegations.

63. Defendants railroads deny the truth of each and every allegation contained in paragraph "SIXTY-THREE" of the Verified Complaint as to the railroads and deny knowledge or information sufficient to form a belief as to the truth of the other allegations.

64. Defendants railroads deny the truth of each and every allegation contained in paragraph "SIXTY-FOUR" of the Verified Complaint as to the railroads and deny knowledge or information sufficient to form a belief as to the truth of the other allegations.

65. Defendants railroads deny the truth of each and every allegation contained in paragraph "SIXTY-FIVE" of the Verified Complaint as to the railroads and deny knowledge or information sufficient to form a belief as to the truth of the other allegations.

66. Defendants railroads deny the truth of each and every allegation contained in paragraph "SIXTY-SIX" of the Verified Complaint.

67. Defendants railroads deny the truth of each and every allegation contained in paragraph "SIXTY-SEVEN" of the Verified Complaint.

68. Defendants railroads deny the truth of each and every allegation contained in paragraph "SIXTY-EIGHT" of the Verified Complaint.

69. Defendants railroads deny the truth of each and every allegation contained in paragraph "SIXTY-NINE" of the Verified Complaint.

## FIRST AFFIRMATIVE DEFENSE

70. Any injuries suffered by plaintiff were caused solely by her own negligence and not by any negligence of the defendants.

## SECOND AFFIRMATIVE DEFENSE

71  Any injuries suffered by plaintiff were caused, in part, by her own negligence, and any recovery by plaintiff must be diminished in proportion to that part of her injuries attributable to her own negligence.

## THIRD AFFIRMATIVE DEFENSE

72. Any injuries suffered by plaintiff were not caused by a negligent act or omission of defendants or any individual acting under its direction or control.

## FOURTH AFFIRMATIVE DEFENSE

73. If plaintiff has sustained any damages in this matter, which defendants railroads deny, then defendant's liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

## FIFTH AFFIRMATIVE DEFENSE

74. Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

75. Defendant MTA is not a proper party to this lawsuit.

## SEVENTH AFFIRMATIVE DEFENSE

76. This action as it pertains to defendant MTA, is frivolous.

## FIRST CROSS CLAIM

77. If defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY AND THE LONG ISLAND RAILROAD COMPANY are found liable to plaintiff in this action, defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY AND THE LONG ISLAND RAILROAD COMPANY allege that such liability is the result, either wholly or in part, of the negligence, acts and omissions of defendant ABM INDUSTRIES, INC., thereby entitling defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY AND THE LONG ISLAND RAILROAD COMPANY to indemnification or contribution from defendant ABM INDUSTRIES, INC., for such liability.

78. That by reason of the foregoing, defendant ABM INDUSTRIES, INC., will be liable to defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY AND THE LONG ISLAND RAILROAD COMPANY in the event judgment is recovered by plaintiff in the amount of said judgment or in an amount equal to the excess over and above defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY AND THE LONG ISLAND RAILROAD COMPANY equitable share of such judgment. The equitable shares of any judgment recovered by plaintiff are to be determined in accordance with the relative culpability of defendants.

## SECOND CROSS CLAIM

79. If defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY AND THE LONG ISLAND RAILROAD COMPANY are found liable to plaintiff in this action, defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY AND THE LONG ISLAND RAILROAD COMPANY allege that defendants ABM INDUSTRIES, INC., would be liable for said judgment or settlement pursuant to contractual agreement(s).

## THIRD CROSS CLAIM

80. Defendant ABM INDUSTRIES INC., failed to procure insurance as required by the contractual agreement(s) and is therefore liable to NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY AND THE LONG ISLAND RAILROAD COMPANY for all fees and costs incurred in defending Defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY AND THE LONG ISLAND RAILROAD COMPANY together with any possible judgment against Defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY AND THE LONG ISLAND RAILROAD COMPANY in this action.

**WHEREFORE**, defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY AND THE LONG ISLAND RAILROAD COMPANY demand judgment dismissing the Complaint herein, together

with the costs and disbursements of this action; and further demands that in the event plaintiff recovers judgment against defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY AND THE LONG ISLAND RAILROAD COMPANY, then defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY AND THE LONG ISLAND RAILROAD COMPANY demand judgment over and against defendant ABM INDUSTRIES, INC., for the amount of any such judgment, or in an amount equal to the excess over and above their equitable share of any such judgment, together with the costs and disbursements of this action.

Dated:  New York, New York
       August 16, 2007

                                Respectfully submitted,

                                LANDMAN CORSI BALLAINE & FORD P.C.

                          By: _____
                              Ronald E. Joseph (RJ9302)
                              Attorneys for Defendants NATIONAL
                              RAILROAD PASSENGER CORPORATION d/b/a
                              AMTRAK, METROPOLITAN
                              TRANSPORTATION AUTHORITY and
                              LONG ISLAND RAILROAD COMPANY
                              120 Broadway, 27th Floor
                              New York, New York  10271-0079
                              (212) 238-4800

TO:    Daniel T. Leav (5145)
         LEAV & STEINBERG, LLP.
         Attorneys for Plaintiff
         120 Broadway, 18th Floor
         New York, NY 10271
         (212) 766-5222
         File No.: 051808

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

**MIRIAM DEIKUN**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at QUEENS, NEW YORK.

That on the 21st day of August, 2007 deponent served the within **ANSWER TO VERIFIED COMPLAINT**

upon

      David T. Leav
      Leav & Steinberg, LLP
      120 Broadway, 18th Floor
      New York, New York 10271

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                                            Miriam Deikun

Sworn to before me this
21st day of August, 2007

_____
Notary

JELENA BRIGIDA
Notary Public, State of New York
No. 01BR6156932
Qualified in Kings County
Commission Expires Dec. 4, 2010