UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALICE LAZARUS HABER,  07 CV 7060

                Plaintiff,      **PLAINTIFF'S FIRST SET OF**
                                                                             **INTERROGATORIES**

    - against -

NATIONAL RAILROAD PASSENGER CORPORATION,
d/b/a AMTRAK, METROPOLITAN TRANSPORTATION
AUTHORITY, LONG ISLAND RAILROAD COMPANY
and ABM INDUSTRIES, INC.,

                Defendants.
------------------------------------------------------------------X

       TO:   Defendants, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, METROPOLITAN TRANSPORTATION AUTHORITY, LONG ISLAND RAILROAD COMPANY and ABM INDUSTRIES, INC., through their attorneys of record, LANDMAN CORSI BALLAINE & FORD P.C, 120 Broadway, 27th Floor, New York, New York 10271:

       Plaintiff, ALICE LAZARUS HABER, serves these Interrogatories on the Defendants, as authorized by Federal Rules of Civil Procedure 33. Defendants must serve an answer to each interrogatory separately and fully, in writing and under oath, within thirty (30) days after service.

## DEFINITIONS

       The following terms have the following meanings, unless the context requires otherwise:

       Communication. The term "communication" means the transmittal of information (in the form of fact, ideas, inquiries, or otherwise).

       Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

       Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, a present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of document; and (iv) author(s), addressee(s), and recipient(s).

Highlighted Parties. The term "plaintiff" and "defendants" as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to a litigation.

Person. The term "person" is defined as any natural person or business, legal or governmental entity or association.

Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

All/Each. The term "all" and "each" shall be construed as all and each.

And/Or. The connectives "and" and "or" shall be construed either disjunctively or conductively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

Number. The use of the singular form of any word includes the pleural and vice versa.

## **INTERROGATORIES**

INTERROGATORY NO. 1:

Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

INTERROGATORY NO. 2:

If Defendants have not been sued in their correct name, state the correct name.

INTERROGATORY NO. 3:

Identify every person with knowledge of relevant facts and summarize each person's knowledge and opinion.

INTERROGATORY NO. 4:

Identify all persons or entities that have possession, custody, or control of documents relevant to this suit and the documents of which they have possession, custody or control.

INTERROGATORY NO. 5:

Describe each Defendants principle business activities and give the complete name and address of each Defendants principle place of business.

INTERROGATORY NO. 6:

State the name, address, and telephone number of other persons from whom the Defendants or their agents or representatives have obtained written or recorded statements relating to the occurrence of this incident and give the date each statement was obtained, the name of the person obtaining the statement, and the name and address of the persons presently having custody or control of each statement or copy thereof.

INTERROGATORY NO. 7:

Please describe fully and completely each effort made by the Defendants or their counsel to obtain information about the alleged occurrence, including:

(a)     A description of each such effort;

(b)     The names and addresses of the people involved in each such effort, and each defendants relationship to them;

(c)     Each source you try;

(d)     The date and time of each such effort;

(e)     The information obtained by each such effort; and

(f)     The manner in which such information was obtained.

INTERROGATORY NO. 8:

If the facts or opinions of any person listed in the answer to the within interrogatory are based upon information required from published documents, or other materials, identify all such documents and materials by title, name of author, publisher, and the date of publication.

INTERROGATORY NO. 9:

Please describe fully and completely each and every source of knowledge about the alleged occurrence of which the Defendants or their counsel are aware, including:

(a)     The identification of each such source;

(b)     The date and time you received the information from each such source regarding the alleged occurrence;

(c)     The substance of all such information received from each such source; and

(d)     The manner in which such information was received.

INTERROGATORY NO. 10:

State when and by whom the platform in question was installed and/or manufactured and state when the defendants began use of the platform in question.

INTERROGATORY NO. 11:

State the names and addresses of the companies and individuals that manufactured, provided and installed the platform allegedly used by plaintiff at the time of the accident.

INTERROGATORY NO. 12:

State whether any agents, servants and/or employees of the Defendants, or of any private person, single proprietorship, partnership, unincorporated association and/or corporation, were engaged in any type of construction, renovation, repair, maintenance, or cleaning operation, including the installation and/or maintenance of the platform or safety matting thereof, whereat the plaintiff was allegedly injured;

(a)     on the date of the accident complained of;

(b)     at the time of the accident complained of;

(c)     in the three years prior to the date of the accident complained of, and;

(d)     in the six months subsequent to the date of the accident complained of.

INTERROGATORY NO. 13:

State the dates, places and time of any and all prior and/or subsequent similar incidents/accidents involving the defective platform in question.

INTERROGATORY NO. 14:

State what precautions, if any, were taken by the defendants in assuring that the platform in question, was in safe and proper working order prior to the date of the accident complained of, and when and by whom inspections were conducted during the three years prior to the date of the accident complained of.

INTERROGATORY NO. 15:

If Defendants deny liability for the occurrence which is the subject of this action, state the grounds upon which you deny said liability, including any defenses which you intend to raise at trial.

INTERROGATORY NO. 16:

State whether each defendant or their counsel claim that any condition of the environment (example: weather, etc.), or "act of god", affected the happening of this incident; if so, state the nature of the claim and circumstances.

INTERROGATORY NO. 17:

State whether each defendant or their counsel claim that any acts or omissions attributable to the plaintiff herself affected the happening of this incident, or contributed or caused its happening in any way, and if so, state the nature of the claim and circumstances; and in addition state whether each defendant or their counsel claim that any acts or omissions attributable to the plaintiff herself contributed or caused the injuries allegedly sustained by the plaintiff in any way.

INTERROGATORY NO. 18:

If Defendants or their counsel now intend to call expert witnesses at the trial of the action herein, state the following:

(a)　The expert's name, address, telephone number and area of specialty, if any;

(b)　The subject matter upon which the expert is expected to testify;

(c)　The substance of the facts and opinions to which each expert is expected to testify; and

(d)　A summary of the grounds for each said expert's opinions.


Dated:　　New York, New York
　　　　　October 31, 2007

　　　　　　　　　　　　　　　　　　　LEAV & STEINBERG, LLP

　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　DANIEL T. LEAV (DTL 5145)
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　120 Broadway, 18th Floor
　　　　　　　　　　　　　　　　　　　New York, New York  10271
　　　　　　　　　　　　　　　　　　　(212) 766-5222

5

TO:

LANDMAN CORSI BALLAINE & FORD P.C.
By: Ronald E. Joseph
Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK, METROPOLITAN
TRANSPORTATION AUTHORITY and LONG ISLAND
RAILROAD COMPANY
120 Broadway, 27th Floor
New York, New York 10271
(212) 238-4800

## CERTIFICATE OF SERVICE

I certify that under penalty of perjury pursuant to 28 U.S.C. Section 1746 that on November 1, 2007, I caused to be served upon the following, by First Class United States Mail, postage prepaid, a true copy of the attached Plaintiffs' First Set of Interrogatories to Defendants by depositing same in a postage-paid envelope in a U.S. Postal Box within New York addressed to:

COUNSEL FOR DEFENDANTS

LANDMAN CORSI BALLAINE & FORD P.C.
By: Ronald E. Joseph
120 Broadway, 27th Floor
New York, New York 10271

Dated: New York, New York
       November 1, 2007

DANIEL T. LEAV (DTL 5145)