UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALICE LAZARUS HABER,

                     Plaintiff,

         - against -

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK, METROPOLITAN TRANSPORTATION
AUTHORITY, LONG ISLAND RAILROAD COMPANY
and ABM INDUSTRIES, INC.,

                     Defendants.
------------------------------------------------------------------X

**07 CV 7060**

**PLAINTIFF'S DEMAND FOR THE PRODUCTION OF DOCUMENTS & THINGS**

      PLEASE TAKE NOTICE, that Plaintiff ALICE LAZARUS HABER, by her attorneys, LEAV & STEINBERG, LLP, hereby request, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that defendants serve upon and deliver to the office of the undersigned, counsel for Plaintiff, within thirty (30) days of receipt of this demand, for discovery and inspection and copying, the following items:

      1.     Original photographs of the scene of the occurrence, and the platform known as "Track No. 2 M-1" of the Amtrak line westbound within Pennsylvania Station, County, City and State of New York, in your possession, which represent the condition of the location of the occurrence at the time of said occurrence, immediately prior thereto or at any time after the occurrence which is the subject matter of this action and/or any instrumentalities involved in this occurrence:

      (a)     Original photographs of the plaintiff taken before, during or subsequent to this occurrence;

      (b)     Any and all videotapes taken of the plaintiff taken before, during or subsequent to this occurrence;

(c) Original photographs of the platform known as "Track No. 2 M-1" of the Amtrak line westbound within Pennsylvania Station involved in this occurrence.

2. Any and all surveillance materials including, but not limited to, films, videotapes or photographs depicting or alleging to depict plaintiff which you intend to use upon trial now in your possession, custody or control or in the possession, custody or control of any party you represent.

Plaintiff demands full disclosure of any films, photographs, videotapes, surveillance tapes, slides, motion pictures, visual and/or audiotapes and/or magnetic media reproductions, recordings or descriptions including transcripts or memoranda relating thereto and any other pertinent material relating thereto. Plaintiff demands disclosure of all portions of such material including outtakes and not only those portions a party intends to use.

This is a continuing demand. Should any such surveillance material come into your possession, custody or control or into the possession, custody or control of any party you represent after the date of this demand, demand is hereby made that you produce such surveillance material at the undersigned's office for inspection and copying.

3. Any and all written and/or oral statements or reports in the possession, custody or control of any party you represent actually or allegedly made by or taken from the plaintiff:

(a) Name and residence address of each and every individual who spoke, discussed or otherwise reviewed with any party herein either the occurrence or incident alleged in the complaint together with the business address of each named individual together with any notes or memoranda made by such individuals or by anyone on behalf of the defendants attorneys with respect to each such conversation, discussion or review.

4. Names and addresses of all persons claimed by parties you represent to have either witnessed the occurrence or to have firsthand knowledge of same or to have notice of the condition proximately causing this occurrence or having firsthand knowledge of facts and circumstances regarding this occurrence whether by the parties you represent at the scene of the occurrence or thereafter obtained by their attorneys or representatives. If no such persons are

known to said parties, or their representatives, so state in reply to this demand. Plaintiff will object at the time of trial of this action to the testimony of any person not so identified.

5. Any and all written reports concerning the occurrence prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity.

6. Copies of any and all transcripts of examinations before trial, hearings, or other statements made by the plaintiff whether electronically or otherwise, taken of plaintiff by defendant or their representatives, or any other third-party.

7. Any and all medical reports and/or records submitted to defendants by their physicians who have examined plaintiff.

(a) Name and address of each and every physician who will testify on behalf of the defendants together with copies of their medical reports which shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those X-rays and technicians, reports which will be offered at trial.

8. Certificates of doing business and Certificates of Incorporation relating to each and every defendant.

9. Name, last known address, phone number and social security number of all of the defendants employees, agents, and/or servants responsible for the maintenance, care, ownership, operation, inspection and repair of the platform in question, as well as copies of any all maintenance, inspection and/or repair records relating to the platform in question and copies of any prior and subsequent written or oral complaints regarding the platform in question, and the condition of the platform.

10. Any intra-company accident report relating to this occurrence.

11. Name and address of each expert that will be called to testify at trial and the company, firm or organization with which the expert is associated or employed, along with a reasonably detailed statement of the subject matter on which each expert will testify, a reasonably detailed statement of the substances of the facts and opinions upon which each expert

will testify, the full qualifications of each expert, and a reasonably detailed summary of the grounds for each opinion as to which each expert will testify.

12. Copies of any and all claim forms, applications for benefits, bills and reports obtained from or on behalf of plaintiff by the defendants and/or their insurance representatives relating to this occurrence.

13. A list of any and all payments made by the defendants and/or their insurance representatives as a result of this occurrence which list is to include date of each payment, amount of each payment, name and address to whom payment was made, check or draft number of each payment and reason for each payment.

14. If it is the contention of the defendants that the alleged occurrence was caused in whole or in part by some person or persons other than the defendants, state full identity of each such person, firm or corporation.

15. Copies of all contracts and/or agreements for the platform in question, for the repairs and maintenance of the platform in question, and for the installation and maintenance of the platform in question, in reference to this occurrence.

16. Copies of all insured policies, including additional insured endorsements for the platform, repairs and maintenance in reference to this occurrence.

The production of documents or writings called for in the within demand may be complied with by sending a true copy of each of said documents or writings to the undersigned within the time hereinabove specified.

PLEASE TAKE NOTICE, that Plaintiff ALICE LAZARUS HABER by her attorneys, LEAV & STEINBERG, LLP, hereby further demands, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that the defendant permit and allow access to, and inspection of, the platform known as "Track No. 12 M-1", of the Amtrak line westbound within Pennsylvania Station, County, City and State of New York, for the purpose of inspection, measuring, surveying, photographing, testing, the platform in question and any object or operation thereon.

   THE FOREGOING DEMAND IS A CONTINUING DEMAND. IN THE EVENT ANY OF THE ABOVE ITEMS ARE OBTAINED AFTER THIS DEMAND, THEY ARE TO BE FURNISHED TO THE UNDERSIGNED WITHIN THIRTY (30) DAYS OF RECEIPT BY DEFENDANTS OR THEIR ATTORNEYS.

   PLEASE TAKE NOTICE, that in the event of your failure to comply with this demand, the undersigned will move to preclude the defendants from introducing into evidence and from otherwise using each aforementioned persons, statements, materials, photographs, videotapes, experts, writings, documents and any other items requested herein for any purpose whatsoever upon the trial of this action.

Date: New York, New York
   October 30, 2007

               LEAV & STEINBERG, LLP

               By: _____
               DANIEL T. LEAV (DTL 5145)
               Attorneys for Plaintiff
               120 Broadway, 18th Floor
               New York, New York 10271
               (212) 766-5222

TO:

LANDMAN CORSI BALLAINE & FORD P.C.
By: Ronald E. Joseph
Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK, METROPOLITAN
TRANSPORTATION AUTHORITY and LONG ISLAND
RAILROAD COMPANY
120 Broadway, 27th Floor
New York, New York 10271
(212) 238-4800

CERTIFICATE OF SERVICE

I certify that under penalty of perjury pursuant to 28 U.S.C. Section 1746 that on November 1, 2007, I caused to be served upon the following, by First Class United States Mail, postage prepaid, a true copy of the attached PLAINTIFFS' DEMAND FOR THE PRODUCTION OF DOCUMENTS & THINGS by depositing same in a postage-paid envelope in a U.S. Postal Box within New York addressed to:

COUNSEL FOR DEFENDANT

LANDMAN CORSI BALLAINE & FORD P.C.
By: Ronald E. Joseph
120 Broadway, 27th Floor
New York, New York 10271


Dated:  New York, New York
        November 1, 2007

DANIEL T. LEAV (DTL 5145)